Submitted January 27, affirmed February 24, petition for review denied June 23, 2022 (369 Or 855)

In the Matter of M. D.-P.,
aka M. D., aka M. Z. D.-P., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. T. P., JR.,
aka D. L., aka D. P.,
*Appellant.*

Multnomah County Circuit Court
20JU02197;
Petition Number T2020088;
A176670 (Control)

In the Matter of I. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. T. P., JR.,
aka D. L., aka D. P.,
*Appellant.*

Multnomah County Circuit Court
20JU02199;
Petition Number T2020090;
A176671

505 P3d 1098

Beth A. Allen, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Father appeals a judgment terminating his parental rights to his children, I and M. Father will be incarcerated until 2024 and does not contest that he is currently unfit to parent the children. Rather, he contends that termination of his parental rights is not in the children's best interest because a permanent guardianship could provide them the necessary permanency.

Parental rights may be terminated "if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change," ORS 419B.504, and "if the court finds [that termination] is in the best interest of the ward," ORS 419B.500. Ultimately, the "assessment of a child's best interest must be child-centered," taking into consideration the unique circumstances of each case. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 166, 442 P3d 1100 (2019); *see also Dept. of Human Services v. J. S. E. S.*, 315 Or App 242, 244, 501 P3d 556 (2021), *rev den*, 369 Or 209 (2022) (court's best interest "determination is focused on the needs of the child").

On *de novo* review, we conclude, as did the trial court, that termination of parental rights is in the children's best interest. The children's current caretaker where they had lived for the preceding three years before trial was designated as their adoptive placement, and she was not willing to agree to a permanent guardianship. Under the circumstances of this case, it was in the children's best interest to terminate parental rights to allow the children to maintain their stability and permanency with their current caretaker who was also willing to agree to post-adoption contact.

Affirmed.